**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO LINARES-LINARES<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.    20-71173<br><br>Agency No. A091-723-498<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022[**]
Pasadena, California

Before:  BERZON and FRIEDLAND, Circuit Judges, and KORMAN,[***] District Judge.

Pedro Linares-Linares ("Linares"), a native and citizen of Mexico, appeals

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

from the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture ("CAT"), as well as the BIA's decision declining to grant him voluntary departure. We dismiss the petition as to Linares's claims for relief and affirm the BIA's decision not to grant voluntary departure.

1. We lack jurisdiction to review the merits of Linares's asylum, withholding, and CAT claims, because he did not exhaust issues that are dispositive to those claims before the agency. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). The IJ rejected Linares's asylum application on the ground that it was untimely. *See* 8 U.S.C. § 1158(a)(2)(B). Linares concedes that he abandoned the timeliness issue by not addressing it in his appeal brief before the BIA despite raising it in his notice to appeal. We have held that when a petitioner files a brief before the BIA, he will "be deemed to have exhausted only those issues he raised and argued in his brief before the BIA." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc). *Abebe* squarely resolves this issue.

In his brief before the BIA, Linares did not contest the IJ's determination that he had failed to show that the Mexican government would be unable or unwilling to protect him from the smuggler, his brother, or their associates. "To demonstrate entitlement to . . . withholding of removal on the basis of past persecution, an

applicant must present substantial evidence" that the persecution "is committed by the government or forces the government is either unable or unwilling to control." *Doe v. Holder*, 736 F.3d 871, 877–78 (9th Cir. 2013). Linares cited this standard but did not argue that it had been met in his case. Indeed, Linares testified that the smuggler was incarcerated at the time of his hearing in 2018. Since the unexhausted "unable or unwilling" finding is dispositive to Linares's withholding application, we lack jurisdiction to consider the merits of that application.

We also lack jurisdiction to review the agency's denial of CAT relief. In his brief before the BIA, Linares did not contest the IJ's finding that he did not show "that it is more likely than not that he would suffer torture at the hands or at the acquiescence of the Mexican government." The BIA accordingly declined to "disturb" the IJ's finding and dismissed Linares's appeal as to his CAT claim. The IJ's finding is dispositive: to obtain relief under CAT, torture must be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018).

2. The BIA did not err in holding that Linares was statutorily ineligible for voluntary departure, and that the IJ therefore did not err by failing to consider this avenue of relief. The Attorney General may not grant voluntary departure to an alien who previously received such relief "after having been found inadmissible under

3

section 1182(a)(6)(A)" which covers "[a]liens present without admission or parole." 8 U.S.C. §§ 1229c(c), 1182(a)(6)(A). While Linares concedes that an IJ granted him voluntary departure in 2010, he argues that the record does not show that the IJ found him inadmissible under § 1182(a)(6)(A).

Linares is incorrect. The 2010 notice to appear states that Linares was charged with being "an alien present in the United States who has not been admitted or paroled." The notice to appear did not charge Linares with being removable pursuant to any other provision. When Linares was in immigration custody in 2010, he "freely admit[ted] to not having any lawful authorization with which to enter, work or reside in the United States of America." Moreover, Linares's contention that voluntary departure "could have been entered without pleadings" is inconsistent with the regulations that require an alien to "[c]oncede[] removability" before an IJ grants voluntary departure. 8 C.F.R. § 1240.26(b)(1)(i)(C). Thus, Linares was required to concede removability in 2010.

Linares also argues that a ten-year regulatory bar from voluntary departure does not apply to him. 8 C.F.R. § 1240.26(a) bars voluntary departure relief, for ten years, for any alien who has previously been granted voluntary departure and "who fail[ed] to depart voluntarily within the time specified." This argument is inapposite, however, because the BIA found that Linares was ineligible under a different

4

statutory provision, § 1229c(c).  The ten-year bar is not at issue here.  We thus deny this portion of Linares's petition.

**PETITION DISMISSED IN PART AND DENIED IN PART.**